DAVENPORT *against* FERRIS.

MUNRO, for the defendant, moved to set aside the default entered in this cause. The writ was returnable at the last term. The defendant, in his affidavit, stated, that he was so much engaged in other business, that he omitted to employ an attorney to defend the suit, until the 30th *April*, when he was informed that the plaintiff's attorney had filed common bail, and entered a default for want of a plea. He also stated that he had a good and substantial defence on the merits, as he was advised, &c.

*A regular judgment by default, for want of a plea, will be set aside, on payment of costs, if the defendant swears to a defence on the merits, and an opportunity for a trial has not been lost.*

*P. W. Radcliff*, contra, read an affidavit, stating that the declaration was filed, and a notice of the rule to plead served, so early in *March*, that if the defendant had pleaded to issue within the time allowed to plead, the cause might have been noticed for trial at the *April* sittings.

THOMPSON, J. We have relaxed the practice so far, in setting aside defaults, that I am disposed to extend it, in every case, as far as we do in ejectment suits, and to set aside a default whenever the party swears to a defence on the merits, and no opportunity for a trial has been lost.

VAN NESS, J. I am for granting the rule for the same reason.

KENT, Ch. J. I am for granting the rule, under the circumstances of the case, without giving any opinion as to the practice.

*Per Curiam.* Take your rule, on payment of costs.

Rule granted.(*a*)

(*a*) See *Tidd's Practice*, 508. 2 *Stra.* 975. 4 *Burr.* 1996. The court of K. B. will set aside a judgment by default, though *regular*, when the plaintiff has not lost a trial, upon an affidavit of merits, pleading issuably, *instanter*, and payment of costs ; and by *instanter* is meant within 24 hours.