*(margin: ALBANY, Feb. 1825. Packard v. Hill.)*

---

## PACKARD AND OTHERS *against* HILL.

A REGULAR default for want of a plea having been taken, the defendant's attorney procured an affidavit of merits to be made by the special bail, the defendant being absent from the state, and he himself made an affidavit accounting for the default, which papers he exhibited to the plain-

*(margin: Where, after a regular default, the defendant makes an affidavit of merits, which he shows to the plaintiff's attorney, with)*

an affidavit showing a clear right to set it aside on terms; and offers to plead and to pay all costs, &c. if the plaintiff's attorney refuse to comply with such offer, *it seems*, this court will not allow him costs, on his coming here to oppose the motion to set aside the default, beyond what were offered; otherwise, where there are special circumstances, leaving it doubtful whether the court would set aside the default upon the papers shown to the attorney.

May
v.
Richardson.

tiffs' attorney, offering to pay the costs of the default, and take short notice of trial, so that no time should be lost; on these facts,

A motion was now made to set aside the default, which was opposed; and it was contended in behalf of the defendant, that he should take his motion without paying the costs of opposing, or of any step on the part of the plaintiffs since the offer made.

*A. S. Garr*, for the motion.

*H. D. Sedgwick*, contra.

*Curia.* In an ordinary case of an affidavit of merits, and an application and offers like these to the plaintiffs' attorney, we should doubtless grant a motion to set aside a default without costs subsequent to the offer; but this is not that case. The affidavit of merits is not made by the defendant; and there are some other circumstances which perhaps required the plaintiffs' attorney, out of a just regard to the rights of his clients, to meet this motion here. Under the circumstances, the usual terms must be imposed, which are payment of all costs including those of opposing this motion. The defendant must also plead issuably, *instanter*, and take four days notice of trial, for the circuit now sitting in the city of New York.

Rule accordingly.