## ISAIAH W. FRANCIS *v*. J. W. COX *et al*.

Affidavit to open Default.—In an application, made on affidavits, to set aside a default and open a judgment, if the affidavit states that the defendant has disclosed the facts constituting his defence to his counsel, and he is advised by him that he has a good and valid defence, the facts constituting the defence need not be detailed.

Idem—Counter Affidavits.—When, in an application to open a default, merits are shown by affidavits, counter affidavits cannot be received.

Opening Default.—If the failure to answer is by mistake, and merits are shown on an application to open a default, the application should not be denied because the plaintiff admits merits as to part of his claim, and consents to exclude that part from the judgment.

Appeal from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The affidavit of defendant's attorney as to the failure to answer by reason of mistake, set out that the summons was served on the eleventh, and that he was retained on that day, and examined the facts, and directed his clerk to enter the cause on his journal with a memorandum of the day the time for answering expired; that his clerk neglected to make the entry, and he was constantly engaged in Court until the twenty-first, and then supposed that the time to answer expired on the twenty-third; that it required two days to prepare the answer, as the case was a complicated one, and he was compelled to spend most of his time between the twentieth and the twenty-third in examining abstracts of title, and on the twenty-third found a default had been entered.

The affidavit of merits was as follows :

" CITY AND COUNTY OF SAN FRANCISCO, SS.

" J. Warren Cox being sworn, says : He is one of the defendants in the above entitled action ; that he is as well acquainted with the facts as his co-defendant is ; that he has fully and fairly stated the case in this action to William H. Patterson, who resides at San Francisco aforesaid, and who is defendant's counsel herein ; and after such statement he is advised by his said counsel and verily believes that the defendant have a good and substantial defence to the merits in this action.

" That it is *bona fide* the intention of defendant to defend the same."

The plaintiff appealed from an order opening the judgment and allowing the defendant to answer.

No answer was presented with the affidavits.

The other facts are stated in the opinion of the Court.

*B. S. Brooks*, for Appellant.

The affidavit of merits presented in this case does not disclose any defence. The defendant may either, by his affidavit, disclose the facts constituting his defence to the action to the Court, or he may state those facts to his counsel and swear to the advice which his client gives him. In this case he does neither. We might well contend that when, as in this case, the action is upon the written promise of the defendant for the direct payment of money, the particular fact which constitutes the defence ought to be distinctly stated and sworn to. But, at all events and in any event, the affidavit should come strictly up to the rule ; for this Court has repeatedly expressed a regret that the rule had been established allowing *general* affidavits of merits. The affidavit should state that the defendant *has " stated the facts constituting his defence to the action* to his counsel," etc. It is a very weak guard at the best ; but to allow the defendant to swear, as in this case, that he has " stated the case in this action," is really to dispense with the affidavit of merits

entirely. If the answer under oath had been presented on the motion, and that disclosed a meritorious defence, the difficulty would have been removed. (*Bailey* v. *Taaffe*, 29 Cal. 422.)

*Patterson, Wallace & Stow*, for Respondents.

It was no fault of defendants that an answer was not filed. The case made is stronger than *Howe et al.* v. *Independence Company*, 29 Cal. 72. There, as in the case at bar, the party made an affidavit of merits, but did not present on the motion the answer proposed to be filed; the default was, as in this case, entered because the professional engagements of counsel did not permit the answer to be drawn. The order appealed from was an exercise of *discretion* by the Court below which this Court will not interfere with. (*Roland* v. *Kreyenhagen*, 18 Cal. 455; *Haight* v. *Green,* 19 Cal. 113; *Mulholland* v. *Heynemann*, 19 Cal. 605; *Barrett* v. *Graham*, 19 Cal. 632; *Woodward* v. *Backus*, 20 Cal. 137.)

By the Court, SHAFTER, J.:

The judgment was opened on affidavits showing, substantially, that the failure to answer was by mistake, and that the defendant had disclosed the facts of his defence to his counsel, and was advised by him that they constituted a good and valid defence to the whole of the plaintiff's claim.

It is objected that the facts constituting the defence were not detailed to the Court in the affidavits. This objection is overruled on the authority of *Woodward* v. *Backus*, 20 Cal. 137, and *Bailey* v. *Taaffe*, 29 Cal. 426.

The opposing affidavit submitted to the Court does not dispute the mistake, nor does it deny that the defendant has a defence or color of defence to a part of the plaintiff's claim; but, as to that part, the plaintiff consented at the hearing that the judgment might be so modified as to exclude it. Assuming, however, the defendant's affidavit of merits

to be true, no part of the plaintiff's claim was just, and the proposed modification of the judgment fell short of the defendant's right. Where, in a case like the present, merits are shown by affidavits, counter affidavits on that question cannot be received. (*Hanford* v. *McNair*, 2 Wend. 286.)  No different rule was adjudged in *Bailey* v. *Taaffe*. The Court held in that case that the affidavit of the defendant in support of his motion disclosed no merits, and seem to have been confirmed in the conclusion that there were none in fact, by the affidavit of the plaintiff. That affidavit corroborated rather than contradicted the affidavit of the defendant.

Order affirmed.