## BERTLINE VS. BAUER.

*Vacating judgment on default, and granting leave to answer.*

An order setting aside a judgment on default, and granting leave to answer, *held*, not an abuse of discretion, although the summons was served on defendant personally, and he had had abundant opportunity to answer in season, where his default appears to have been occasioned by ignorance and confusion of ideas.

APPEAL from the Circuit Court for *Calumet* County. This was an action for damages resulting to the plaintiff from defendant's acts, in wrongfully obstructing a highway adjoining plaintiff's land. The summons was served December 2, 1868, and judgment was taken against defendant, in default of an answer, on the 12th of January, 1869, the damages having been assessed by a jury at $500. On the next day, defendant obtained an order

staying proceedings, and moved for an order setting aside the judgment, and giving him leave to file an answer. No proposed answer was filed with the motion papers.

The following is the substance of the affidavits used on the hearing of the motion to set aside the judgment, etc.: The defendant's own affidavit (made on said 13th of January), states that he never had, to his knowledge, any summons or complaint served upon him in this action; that his first knowledge or idea that any civil action was pending against him was on that day, when he was informed of the rendition of the judgment; that he is a German, and unable to read, speak or understand the English language; that he resided in the town of Woodville, in said county, and had been arrested in an action in behalf of the state, as he understood, for obstructing an alleged highway in that town; that he had been bound over, as he understood, to appear at that term of said court to answer any charge that might be preferred against him in reference to said alleged obstruction; that he had been in attendance upon the court each day of the then present term for the purpose of responding to any such charge, and had no knowledge, information or suspicion that any civil action was pending against him. There was added an affidavit of a good defense on the merits, as to the "greater part" of plaintiff's action.

On the other hand, the affidavits read by the plaintiff tended to show, that, on the 2d of December, 1868, the sheriff of said county served the summons in this action by delivering a copy to defendant personally, and leaving it with him; that he then explained the contents of the same to defendant, at his request, and told him that within twenty days he must appear and employ an attorney to defend the action; that on the 31st of the same month, in the presence of several persons, defendant offered plaintiff $100 to settle the action; that plaintiff's

attorney, being present on that occasion, told defendant that unless he settled with plaintiff he would have to appear by attorney and defend the action ; that defendant replied that he had eighty acres of land, and if plaintiff would not settle for $100, he (defendant) would "law with him until he lawed away said land," and that he could stand it as long as plaintiff could ; that defendant was informed on that occasion, and well knew, that there was both a civil and a criminal action pending against him ; that on the day after the rendition of the judgment herein, defendant stated that his wife burned up the summons in this action, in his presence, on the day of its service ; that on the 12th of January, 1869, shortly before the judgment was rendered, defendant consulted an attorney about this action and wanted to retain him, but said attorney advised him to procure some other counsel immediately, which defendant did not seem inclined to do ; that he was present in the court-room when the action was reached on the calendar, and remained there during the trial ; and that he speaks and understands the English language well enough to transact business therein.

After the argument of the motion, and before any order made thereon, defendant's attorney offered plaintiff's attorneys, in open court, a copy of an unverified answer, containing a general denial, which plaintiff's attorneys declined to accept.

The court set aside the judgment, and allowed defendant to file said answer, on his paying $25 to plaintiff's attorneys. From this order plaintiff appealed.

*Frisby & Weil*, for appellant, contended that it was an abuse of discretion to permit defendant to file an unverified answer, which had not even been served with the motion papers. *Lynde v. Verity*, 3 How. Pr. 350 ; *McGaffigan v. Jenkins*, 1 Barb. S. C. 31. They also contended that the affidavits read at the hearing of the motion show clearly that defendant was aware of the pendency

of this action, and had no sufficient excuse for not answering before.

*Gillet & Pier*, for respondent, argued, among other things, that while it was doubtless bad practice to neglect serving a copy of the proposed answer with the motion papers, yet the court, in allowing it to be afterward served by way of amendment, did just what was done in *Lynde v. Verity*, 3 How. Pr. 350, except that in the latter case the court continued the motion until the answer could be prepared. The complaint not being verified, there was no necessity for a verified answer.

PAINE, J. Notwithstanding the affidavits presented by the appellant showed clearly enough that the summons was personally served on the defendant, and that he had some sort of an understanding that a suit was pending against him for damages, we still think it cannot be held an abuse of discretion to let the defendant in to answer upon just terms. It is not only possible, but probable, that his understanding of the matter was confused, and that he had confounded the civil and criminal proceedings together, and supposed that it would be in time for him to answer to the whole matter when called on in court to do so. It appears that he was present for the purpose of answering in the criminal suit ; also that he intended to litigate the claim for damages ; and these facts, together with his promptness in moving to be let in to answer, all go to confirm his statement that he did not fully understand the separate character of the two suits. The statute is remedial in its character, and should be applied liberally, upon just terms, to secure a fair hearing upon the merits, even where there has been some excusable ignorance, stupidity or conceit.

*By the Court.* — The order appealed from is affirmed.