[No. 3,492.]

GRACIER ET AL. *v.* WEIR.

PRACTICE—MOTION TO OPEN DEFAULT.—Upon a motion by a party defendant to set aside a default, and to be admitted to defend the action, the plaintiff will not be permitted to file affidavits contradicting the allegations of merits contained in the affidavits of the moving party.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The action was commenced June 18th, 1872, and the summons was served on the defendant June 26th, 1872. Twelve days afterwards judgment by default was entered against the defendant. On the same day he moved for an order on the plaintiff to show cause why the default should not be set aside, the judgment vacated, and the defendant allowed to answer. In support of the motion he filed his own affidavit, and an affidavit by his attorney, to the effect that he had engaged an attorney to defend the action, had intended to leave certain papers with the attorney, to enable him to prepare an answer, and supposed the papers had

been so furnished until the day the default was entered; also, that he had been advised by counsel that he had a good defense on the merits of the action, to the extent that judgment had been rendered for more than was due the plaintiffs. The motion was granted, and when the matter came on to be heard the plaintiffs were permitted to file affidavits, setting out that the claim for which judgment was rendered was just and clear from any deduction; that the defendant had threatened to defend the action in a way that indicated his purpose, merely to annoy the plaintiffs by delaying the collection of their money, and that the only object of the motion to open the default was to effect that result. The defendant asked leave to file counter affidavits, but was refused. He then moved to strike out the affidavits filed by the plaintiffs. The motion was denied, and an order was entered dismissing the order to show cause and refusing to set aside the default. The defendant appeals.

*Drake,* for Appellant.

When merits are shown on application to open default, no counter affidavits can be received. (*Cox* v. *Francis,* 33 Cal. 323.)

*Gunnison,* for Respondent, argued that the affidavits were not read upon the question of merits, but for the sole purpose of showing the animus of the defendant, and that his only object was to delay and annoy the plaintiffs.

By the COURT:

Upon the motion of the appellant to be admitted to defend the action, the respondent was permitted to file affidavits contradicting the allegation of merits contained in the moving papers. This is not proper practice. The order is reversed without costs, and the Court below directed to set aside the default, and permit the appellant to file an answer upon such terms as may be proper.