HAND (TURNER v.). See Case No. 14,257.
HAND (UNITED STATES v.). See Cases Nos. 15,296 and 15,297.

## Case No. 6,016.

### HAND v. YAHOOLA MIN. CO.

[2 Woods, 407.][1]

Circuit Court, W. D. Georgia. March Term, 1873.

JUDGMENT BY DEFAULT—OPENING OF SAME.

A default was set aside, and judgment opened where defendant, by affidavit, excused his neglect in not making defense, and made it appear that he had a good defense, and offered to pay costs and plead instanter; the motion to set aside the default having been made at the term at which the judgment was rendered, and continued several terms without fault of defendant.

[Suit by Nathan H. Hand against the Yahoola Mining Company.] This cause was submitted on motion to open a judgment by default.

E. N. Broyles, for the motion.
L. E. Bleckley, contra.

WOODS, Circuit Judge. The declaration was filed on the 15th day of February, 1871, and summons was served in the same month. On the 10th of March, 1871, Printup & Forché, attorneys, filed for the defendant, the plea of the general issue, signing themselves as attorneys for defendant, and for the stockholders of the company. On March 22, 1871, the court struck said plea from the files, because said attorneys, on a rule to show their authority to appear for said company failed to do so, and on the ground that the stockholders could not be admitted to defend the suit, and the court refused to allow John A. Wimpey, another attorney of the court, to file a plea of the general issue for certain named stockholders, but said Wimpey did file the general issue, signing himself as attorney for the said company. This plea the court ignored as filed without authority, and on the same day, to wit, on the 22d day of March, 1871, plaintiff's counsel took a default and moved for a writ of inquiry, which was granted, and the jury returned a verdict for over $50,000, on which final judgment was entered. On the 9th of June, 1871, and during the same term and ten days before its end, the motion, now on hearing to set aside the default and open the judgment, was filed.

In the view we take of the case, it is unnecessary to consider whether the plea of the general issue, filed by Wimpey for the company, was properly stricken or not. We assume that the defendant was in default, and that judgment by default was properly taken. The question then, for decision is, should the judgment be opened on the showing made by defendant? The affidavit, filed in support of the motion, alleges as an excuse for the default in filing a plea the merits that the plaintiff, who was the acting treasurer of said company and had control of

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

its affairs up to March 13, 1871, colluded with one F. W. Hall, the then clerk of said company, they being the only officers of the company then residing in Georgia, and that they did all in their power to prevent the making of any defense to said action; that on the 13th of March, 1871, new officers were elected for the company, and that the new officers were unable to organize and provide for the defense of the suit until after the judgment by default had been taken. The affidavit further declares that the defendant is not indebted to plaintiff upon the claim sued on, which is entirely unjust and unfounded. The defendant, on making the motion to open the judgment, offered to pay all costs, to plead instanter, and to go to trial so that the plaintiff should not lose a term by the opening of the default. The hearing of this motion has, without the fault of defendant, been delayed from time to time until now. It should therefore be considered as if brought to hearing on the day it was made. We are clear in the opinion that the motion should be sustained.

It is almost a matter of course to open a default on an affidavit showing a meritorious defense, and excusing the neglect in not pleading within the rules, the defendant offering to pay costs and plead instanter. 1 Tidd, Pr. 562, note, and 567; Bennet v. Fuller, 4 Johns. 486; Davenport v. Ferris, 6 Johns. 131; Tallmadge v. Stockholm, 14 Johns. 342. Great injustice might be done the defendant by refusing this motion, and if loss comes to the plaintiff by opening the judgment at this late day, it is the consequence of his own neglect, for he might have had this motion disposed of and a new trial, at the same term at which he recovered his judgment by default. The motion will be sustained on the payment by defendant of all costs made up to the date of filing the motion, and upon the condition that defendant plead instanter.