## GRISWOLD LINSEED OIL CO. V. LEE.

1. On the hearing of an application to set aside a default and judgment, and for leave to serve an answer, the evidence should be confined to the question whether the judgment has been taken through the mistake, inadvertence, surprise, or excusable neglect of defendant. The applicant is not required to make more than such a *prima facie* showing on the merits as arises from his own affidavits, and affidavits to contravert his affidavit of merits are irrelevant, and inadmissible.

2. The provisions of Section 4939, Comp. Laws, conferring upon courts the power to "relieve a party from a judgment * * * taken against him through his mistake, inadvertence, surprise, or excusable neglect," are liberal in their terms, remedial in their character, and were designed to afford parties a simple, speedy, and efficient relief in a most worthy class of cases, and this power should be exercised by courts in the same liberal spirit in which they were designed, in furtherance of justice, and in order that cases may be tried and disposed of upon their merits.

3. When, therefore, a party makes a showing of such mistake, inadvertence, surprise, or excusable neglect, applies promptly for relief after he has notice of the judgment, shows by his affidavit of merits that *prima facie* he has a defense, and that he makes the application in good faith a court should not hesitate to set aside the default and allow him to serve an answer upon such terms as may be just under all the circumstances of the case.

4. This court recognizes the rule that, on applications for relief under the section referred to, much must be left to the sound judicial discretion of the court to which applications are made; but it holds in this case the defendant was entitled, under the showing made by him, to the relief asked for, and reverses the order of the court below denying defendant such relief.

5. Where relief is granted, a court, in addition to costs, may impose as terms that the judgment stand as security for any judgment that may finally be recovered by the plaintiff in the action.

6. Under the authority of Section 4939, as well as by its general powers, a court may modify a judgment by depriving it of its ordinary character as *res adjudicata*, and leaving it in full force as a lien or collateral security.

(Syllabus by the Court. Argued Oct. 15, 1890. Opinion filed Feb. 5, 1891.)

Appeal from circuit court Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Order to show cause why a judgment entered upon a default should not be vacated and set aside and an execution and levy thereunder set aside and the defendant have leave to answer in the action. The order to show cause was discharged and the relief asked for by defendant denied. He brings an appeal to this court. Reversed.

The material facts are stated in the opinion.

*Keith* and *Bates* and *Winsor* and *Kittridge*, for appellant.

A party should always be relieved from an excusable default where he appears to have a meritorious defense and the application is made promptly after discovery of the default. 3 Wait's Prac. pp. 665, 666; Freeman on Judg. Chap. 7; Security Bank v. Bank, 2 Hun 238; Commissioners v. Hollister, 2 Hilt. 588; Hill v. Crump, 24 Ind. 291; Francis v. Cox, 33 Cal. 323; Bertlin v. Bauer, 25 Wis. 486; Stafford v. McMillan, 25 Wis. 566; Joerns v. La Nicca 38 N. W. 129; Lynde v. Verity, 3 How. Pr. 350; Davenport v. Ferris, 6 Johns 131; Talmadge v. Stockholm, 14 Johns 342   To refuse to open a default under such circumstances is an abuse of discretion. Lattimer v. Ryan, 20 Cal. 628; Harrigan v. Tupper, 10 Cal. 464; Freeman on Judg. § 106; Wieland v. Shillock, 24 Minn. 345.

Where, upon a motion to open a default defendant has made an affidavit of merits, counter affidavits controverting the affidavit of merits and showing that defendant has not a good and substantial defense will not be considered. Gracier v. Weir, 45 Cal. 53; Francis v. Cox, 33 Cal. 323; Buck v. Havens, 40 Ind. 221; Hanford v. McNair, 2 Wend. 286; Freeman on Judg. § 109.

The allegations in the complaint do not support the judgment rendered in this case. This fact can be taken advantage

of either upon a motion to set the judgment aside or upon a direct appeal from the judgment. Hallock v. Jandin, 34 Cal. 167; Abbe v. Marr, 14 Cal. 210; Childress v. Mann, 33 Ala. 206; Buerz v. Cook, 24 Pac. 679; Bartlett v. Crozier, 17 Johns 557; Hemmenway v. Hickes, 4 Pick. 496; Dryden v. Dryden, 9 Pick. 546; Stevens v. Mayor, 84 N. Y. 296; Graham v. Read. 57 N. Y. 681; Wallace v. Eldridge, 27 Cal. 496; Freeman on Judg. § 538.

*McMartin & Carland,* for respondent.

The complaint alleged that defendant was the agent of plaintiff and had in his possession certain flaxseed belonging to plaintiff, which he had sold at a profit and then refused to deliver the flaxseed or the profit made on the resale, to plaintiff. This certainly constituted a cause of action and clearly supports the judgment. Dodd v. Wakeman, 26 N. J. Eq. 484; Judewin v. Hardwick, 49 Vt. 180; Lafferty v. Feeley, 22 Ind. 471; Campbell v. Ins. Co. 2 Whart. 67; Norris Appeal, 71 Pa. St. 106; Oliver v. Platt, 3 How. 333; Dutton v. Willner, 52 N. Y. 312; Leak v. Sutherland, 25 Ark. 219; Barton v. Mass. 32 Ill. 50; Mason v. Bauman, 62 Ill. 76; Krutz v. Fisher, 8 Kan. 90; Stoner v. Weiser, 24 Ia. 434; Moinet v. Day, 57 Tenn. 431; Bain v. Brown, 56 N. Y. 285; Bell v. Bell, 3 W. Va. 183; Kerfort v. Hyman, 52 Ill. 512; Fowler v. Bank, 67 N. Y. 138.

The court did not abuse its discretion in refusing to open the default. Chase v. Swain, 9 Cal. 136; Elliott v. Shaw, 16 Cal. 378; Haight v. Green, 19 Cal. 114; Mulholland v. Heyneman, 19 Cal. 605; Roland v. Kreyenhagen, 18 Cal. 456; Bailey v. Taaffe, 29 Cal. 452; Hancock v. Pico, 40 Cal. 154; Sweet v. Burdett, 40 Cal. 97; People v. O'Connell, 23 Cal. 282.

CORSON, P. J.   This action was instituted by the plaintiff to recover the sum of $759.15, alleged to be due from defendant for money advanced under a certain contract entered into between plaintiff and defendant on July 13, 1887, and for the sum of $4,372.58, for profits received by defendant on resale of flaxseed alleged to have been purchased by defendant for account of plaintiff, interest, etc., under the terms of said contract. The summons and complaint were personally served upon the

defendant in Minnehaha county on the 25th day of March, 1890, and, defendant failing to serve an answer within the thirty days allowed by law, judgment was entered against him April 26, 1890, for the sum of $4,643.20, an execution was issued thereon, and a levy made thereunder on the property of the defendant. On May 6, 1890, the defendant obtained from the court below an order requiring plaintiff to show cause why the judgment should not be vacated and set aside, the execution and levy set aside, and the defendant have leave to serve an answer in the action. This order was made upon the affidavit, affidavit of merits, and proposed verified answer of defendant, and the pleadings and proceedings had in the action. The grounds upon which the application was based were inadvertence, surprise and excusable neglect on the part of the defendant. On May 9th a hearing was had, an order made discharging the order to show cause, and the application of defendant denied. From this order and the judgment entered in the action, the defendant appeals to this court.

Appellant assigns several errors, which may be condensed and briefly stated as follows: *First*, that the court erred in discharging the order to show cause, and denying to defendant the relief applied for; *second*, that the court erred in entering judgment for the plaintiff, said judgment not being supported by the allegations of plaintiff's complaint. Preliminary to the discussion of the first assignment of error is a question as to the relevancy and admissibility of certain evidence. On the hearing of the order to show cause, in the court below, the respondent introduced and read in evidence the affidavits of Mr. Carland, Mr. McMartin, and several letters written by defendant to the law firm of McMartin & Carland, tending to controvert the affidavit and proposed answer of defendant as to the merits of his defense, and also tending to show that the defendant's failure to answer in time was not excusable, and that his application was not made in good faith. Counsel for appellant contend that the evidence controverting the merits of defendant's defense was not admissible, and that such evidence should not have been considered by the court below.

But, as no objection was taken to this evidence in that court, counsel for respondent insist that it is now too late to make the objection in this court, and cites Warder, Bushnell & Glessner Co. v. Ingli, 1 S. D. 155, 46 N. W. Rep. 181, (decided by this court,) as authority for their position. We held in that case that, where incompetent but relevant evidence was admitted in the court below without objection, an objection to it could not be taken in this court, but this opinion went no further. On the hearing in the court below the only issue properly before the court was whether or not there was inadvertence, surprise, or excusable neglect on the part of the defendant in failing to serve his answer in time; and evidence to controvert the merits of defendant's defense was entirely irrelevant to the issue. Mr. Freeman, in his work on Judgments, in Section 109, states the rule of evidence applicable to such a hearing as follows: '"The hearing of evidence is confined to the question whether the judgment has been taken through the inadvertence, mistake, surprise, or excusable neglect of the defendant. The applicant is not required to make more than such a *prima facie* showing on the merits as arises from his own affidavits. The Code did not intend that there should be two trials on the merits. Therefore the defendant is not required to prove his defense as he would on the trial, nor can his affidavit of merits be controverted." Gracier v. Wier, 45 Cal. 53; Francis v. Cox, 33 Cal. 323; Hill v. Crump, 24 Ind, 291; Buck v. Havens, 40, Ind. 221; Joerns v. La Nicca, (Iowa,) 38 N. W. Rep. 129; Hanford v. McNair, 2 Wend. 286. We are of the opinion that the appellant's contention is correct, and that the counter affidavits and exhibits, so far as they tended to controvert the merits of the defendant's defense, were clearly irrelevant and inadmisible, and should have been disregarded by the court below.

Did the court err in discharging the order to show cause, and denying to defendant the relief sought by him? The affidavit of the defendant on which the order to show cause was issued denies all indebtedness to plaintiff, and states fully the facts on which he relies to show inadvertence, surprise, and excusable neglect. This affidavit also contained an affidavit

of merits, and was accompanied by a proposed verified answer. The defendant, among other things, states in his affidavit "that he did not understand it was necessary for him to put in an answer to protect his rights, but thought that the matter could be settled up without suit; * * * that he was never sued before, and did not understand that plaintiff's attorneys could enter judgment against him without further notice; and that, to his great surprise and astonishment, the next day [after his conversation with Mr. McMartin, hereinafter stated] the sheriff came to him with an execution, claiming that plaintiff's attorneys had taken judgment against him for about $4,600." He also states that in a conversation with Mr. McMartin, one of plaintiff's attorneys, about the time judgment was taken in the case, "he understood him to say that he [defendant] could have thirty days' more time in which to make a settlement with plaintiff." Mr. McMartin, in his affidavit, denies that he gave defendant further time, but this does not disprove defendant's statement that he so understood him. While these matters stated by defendant as reasons why he did not answer in time are not of the most satisfactory character, yet, taken in connection with the circumstances surrounding the case, they make, we think, a case entitling defendant to relief. It appears from the affidavit of Mr. Carland, and letters of defendant written by him to the law firm of McMartin & Carland, that he was exceedingly apprehensive of the effect of litigation upon his business, and that he was continually appealing to plaintiff's attorneys for further time in which to make a settlement of his matters with plaintiff; many of the letters being written after the summons and complaint were served upon him. So great appears to have been his anxiety upon the subject of this litigation, that he seems to have had a confused idea of the nature and object of the proceedings taken against him, and of the duties of a defendant to protect himself against such proceedings by retaining counsel and acting under his advice, as a prudent business man would have done. The section of our Code conferring upon courts the power to grant relief in such cases, is Section 4939, which is as follows: "The court

may likewise, in its discretion and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code, or, by an order, enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code, the court may, in like manner, and upon like terms, permit an amendment of such proceedings, so as to make it conformable thereto." The provisions of this section are exceedingly liberal in their terms, remedial in their character, and were evidently designed to afford parties a simple, speedy, and efficient relief in a most worthy class of cases. The power thus conferred upon courts to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise, or excusable neglect should be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice and in order that cases may be tried and disposed of upon their merits. When, therefore, a party makes a showing of such mistake, inadvertence, surprise, or excusable neglect, applies promptly for relief, after he has notice of the judgment, shows by his affidavit of merits that *prima facie* he has a defense, and that he makes the application in good faith, a court could not hesitate to set aside the default, and allow him to serve an answer upon such terms as may be just under all the circumstances of the case. 3 Wait, Pr. pp. 665, 666; Security Bank v. Bank of Commonwealth, 2 Hun. 287; Commissioners v. Hollister, 2 Hilt. 583; Hill v. Crump, 24 Ind. 291; Bertline v. Bauer, 25 Wis. 486; Stafford v. McMillan, Id. 566; Lynde v. Verity, 3 How. Pr. 350; Davenport v. Ferris, 6 Johns. 131; Tallmadge v. Stockholm, 14 Johns. 342; Packard v. Hill, 4 Cow. 55; Wieland v. Shillock, 24 Minn. 345. See, also, Gracier v. Wier, 45 Cal. 53; Francis v. Cox, 33 Cal. 323; and Joerns v. La Nicca, (Iowa,) 38 N. W. Rep. 129, before

cited.    Counsel for respondent have cited a number of cases from the earlier Reports of California, in which the courts of that state held the rule against setting aside defaults quite strictly, but the later cases of Gracier v. Wier and Francis v. Cox, *supra*, show that a much more liberal rule has since prevailed in that state, and that the rule as laid down in those earlier cases has been very materially modified.   We recognize the rule that, on applications for relief under this section, much must be left to the sound judicial discretion of the court to which application is made, but we are of the opinion that in the case at bar the defendant was entitled to relief, and that the court below should have granted it.    The facts should have been taken into consideration by the court that the judgment is for quite a large amount, and that it is principally for profits alleged to have been received by defendant on resales of flaxseed, claimed by plaintiff to have been purchased by defendant for his account.    Such a case should be heard upon its merits.    But the setting aside the default and permitting defendant to serve an answer in such a case should be, upon the terms, in addition to costs, that the judgment stand as security for any judgment that may be recovered, or, in lieu thereof, a good and sufficient bond should be given, conditioned for the payment of any judgment that may be recovered on a trial of the action, such judgment pending the final disposition of the case, to have no other effect than as a security.    In pursuance of the authority conferred by the provisions of Section 4939, Comp. Laws, as well as by its general powers, a court may modify a judgment by depriving it of its ordinary character as *res adjudicata*, and leaving it in full force as a lien or collateral security.    Mott v. Bank, 38 N. Y. 18, 35 How. Pr. 332; Anon. 6 Cow. 390; Wilson v. White, 7 Cow. 477.    The order of the court below discharging the order to show cause and denying the defendant leave to serve an answer is reversed, and the court is directed to enter an order granting defendant leave to serve an answer upon such terms as may be just, and as will secure to plaintiff the payment of any judgment it may recover in the action.    All the judges concurring.