## TURNER v. COUGHRAN.

Applying the rule enunciated in Oil Co. v. Lee, 47 N. W. 955, 1 S. D. 531, to the facts disclosed by the record in this case, it is *held* that appellant should be relieved from a judgment by default. HANEY, J., dissenting.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Minnehaha county. Hon. JOS. W. JONES, Judge.

Action to foreclose real estate mortgage. Plaintiff had judgment by default, and from an order denying a motion to vacate or modify such judgment, defendant appeals. Reversed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees*, for appellant.

A judgment for a deficiency cannot be rendered against a surety after the principal has been released. Calvo v. Davies; 73 N. Y. 211; Murray v. Marshall, 94 Id. 611; Spencer v. Spencer, 95 Id. 353; Remsen v. Beekman, 25 Id. 552; Fish v. Hayward, 28 Hun. 456; George v. Andrews, 60 Md. 26; Hurd v. Callahan, 9 Abb. N. C. 374; Union Mut. L. Ins. Co. v. Hanford; 27 Fed. 588; Metz v. Todd, 36 Mich. 473; §§ 4290-4303, Comp. Laws.

*Boyce & Boyce*, for respondents.

FULLER, J. On the 21st day of May, 1895, a judgment of the above entitled action for the foreclosure of a real estate mortgage was entered, in which execution for a deficiency was decreed against the nonappearing defendant and mortgagor, Eugene W. Coughran. An order to show cause why such judgment should not be set aside, and the defendant Coughran be allowed to serve his proposed answer, or why the decree should not be so modified that said defendant would not be liable for a deficiency after a sale of the mortgaged premises, was obtained, and made returnable on the 26th day of June, 1895; and this appeal is from an order denying such application.

The complaint, in effect, alleges that appellant, 10 days after the execution of the mortgage, and in consideration of the amount thereby secured, sold the premises to his codefendants, Cooley and Kenefick, who assumed the mortgage, and, as a part of the consideration, agreed to pay plaintiff the entire amount represented by the notes in suit. Judgment is accordingly demanded against the defendants Cooley and Kenefick and appellant for any deficiency that may remain after a sale of the mortgaged premises. Appellant being in default, plaintiff entered into a written agreement with the defendants Cooley and Kenefick, who had appeared and answered his complaint, wherein it was stipulated that plaintiff should take judgment for the foreclosure of the mortgage, but that no personal judgment should in any event be taken against either of said defendants. In recognition of this stipulation to relieve these defendants from their assumed liability, judgment was by the court accordingly entered.

As the technical relation existing between these exonerated defendants and appellant is that of principal and surety, his counsel seek in this proceeding to invoke a rule by which appellant, as such surety, would be discharged by the foregoing stipulation with the principal debtors; but as this important question was not before the trial court at the hearing which resulted in the order before us, and is not essential to a determination of the appeal therefrom, we leave the question for adjudication in the court below. It is unnecessary to enter into a discussion of all the evidence before the court tending to show surprise, and to excuse appellant's failure to answer because he relied upon what appears to be a valid agreement with plaintiff by which the former was to be relieved from a deficiency judgment or any liability whatever upon his notes, by obtaining for plaintiff a deed to the mortgaged premises, which agreement seems to have been fully performed upon the part of appellant.

From a careful examination of the entire record, we are convinced that some of the relief applied for ought, in the dis-

cretion of the trial court to have been granted. For a full discussion of the law of this case, see Oil Co. v. Lee, 1 S. D. 531; 47 N. W. 955. The order appealed from is reversed, and the case remanded for such further proceedings, not inconsistent herewith, as may be found proper.

HANEY, J. (dissenting). After a careful consideration of the conflicting evidence before the trial court, I am unable to discover any abuse of discretion. On the contrary, I think the learned circuit judge was entirely justified in denying appellant's motion, and that the order should be affirmed.