### G. S. Congdon Hardware Co. v. Consolidated Apex Mining Company.

1. A summons was served on a director of a corporation, who neglected to notify the company's managing officers or attorneys until after judgment by default had been entered, and they had no knowledge of the suit. The verified answer presented showed a defense to a part of the claim. *Held,* that the court's failure to open the default and permit defendant to answer was an abuse of its discretion.

2. Sufficiency of defense cannot properly be determined on motion to open a default judgment.
    Fuller, J., dissenting.

(Opinion filed January 25, 1899.)

Appeal from circuit court, Pennington county.   Hon. William Gardner, Judge.

Action by the G. S. Congdon Hardware Company, a corporation, against the Consolidated Apex Mining Company, a corporation.   From an order denying defendant's motion to set aside a default judgment, it appeals.   Reversed.

The facts are stated in the opinion.

*Schrader & Lewis* and *Fowler, Cull & Whitfield,* for appellant.

The concealment of the service by the director, Farrar, from the managing officers of defendant corporation was sufficient cause for opening the judgment.   Willsey v. Horse Ranch Co., 7 S. D. 114;  Stum v. School, 47 N. W. 462.

The defendant should have been allowed to file its answer and defend the cause on the merits. Griswold Oil Co. ·v. Lee, 1 S. D. 531; Searles v. Christensen, 5 S. D. 658; Vermont Co. v. Black, 38 Pac. 512.

When a default judgment is obtained before any papers have been filed in the office of the clerk of court, both public policy and justice shall require the courts to declare it invalid. Becker v. Cuena, 25 Pac. 167; Young v. Rosenbaum, 39 Cal. 653; § 5335 Comp, Laws.

*Chauncey L. Wood* and *Charles J. Buell,* for respondent.

A motion to vacate or set aside a judgment under the provisions of our statute is addressed to the sound discretion of the trial court on the particular facts of the case, and its action in the matter will not be disturbed unless there is a manifest abuse of such discretion. Evans v. Fall River Co., 4 S. D. 119; State v. Casey, 69 N. W. 585; Pettigrew v. City of Sioux Falls, 60 N. W. 27; Patzyk v. Mach, 74 N. W. 1027.

Corson, P. J. This is an appeal from an order denying the motion of defendant to set aside the judgment entered by default in this case, and for leave to file an answer therein. The motion was made upon a proposed verified answer, affidavit of merits, and an affidavit showing that the managing officers of the defendant and its regularly retained attorneys had no notice of the pendency of the action until a judgment by default had been taken against it. It further appears by affidavit that the summons and complaint in the action were served upon one John J. Farrar, a director of the defendant corporation, and that he failed and neglected to notify the managing officers of the corporation, or Schrader & Lewis, its regularly retained at-

378   G. S. Congdon H'rdw. Co. *v.* Con. Apex Min. Co.

Opinion of the Court—Corson, P. J.        [11 S. D.

torneys, of the fact of such service being made upon him, until after judgment by default had been entered. It necessarily followed, therefore, that the managing officers of the corporation and its attorneys were surprised upon learning that such judgment had been entered against the corporation. The amount of the judgment was something over $1,200, and by the verified proposed answer of the defendant it appears that it has a defense to something over $700 of the plaintiff's claim. The defendant therefore brought itself clearly within the rule laid down in Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955. In that case this court, after giving the provisions of Section 4939, Comp. Laws, says: "The power thus conferred upon courts to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise, or excusable neglect should be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice, and in order that cases may be tried and disposed of upon their merits. When, therefore, a party makes a showing of such mistake, inadvertence, surprise, or excusable neglect, applies promptly for relief after he has notice of judgment, shows by his affidavit of merits that *prima facie* he has a defense, and that he makes the application in good faith, a court should not hesitate to set aside the default, and allow him to serve an answer upon such terms as may be just under all the circumstances of the case."

The theory of permitting service of the summons and complaint to be made upon a director of a corporation is that such director will immediately give notice to the other directors, managing officers, or regularly retained attorneys of the corporation that such service has been made upon it. And it is not

often that a director when served, will neglect to give such notice, The director in this case makes a lengthy affidavit on the part of the plaintiff, and seeks to justify his neglect to notify the managing officers of the company, or its attorneys, by asserting that, in his view of the case, the corporation had no meritorious defense to the action. But this constituted no justification or excuse to the director Farrar for his failure to notify the proper officers of the company of such service upon him. The merits of the defendant's defense could not properly be determined upon the motion to open the default. The evidence in such case is confined to the question whether or not the judgment has been taken through the inadvertence, mistake, surprise or excusable neglect of the defendant. The applicant is not required to make more than such a *prima facie* showing on the merits as arises from his own affidavits. Griswold Linseed Oil Co. v. Lee, *supra*. The affidavit of director Farrar, so far as it tended to show that the defendant had no meritorious defense to the action, was clearly inadmissible, and should have been disregarded by the trial court. The fact that the managing officers of the corporation and its attorneys had no notice of the commencement of the action until after judgment had been entered by default is not controverted. Certainly, no fault can be imputed to the officers of the corporation and its attorneys because of the failure of the director Farrar to notify them that service of the summons and complaint had been made upon him. We are clearly of the opinion that, under the rule laid down in the Griswold Linseed Oil Co. case, the court below should have opened up the default, and permitted the defendant to file and serve an answer upon such terms as the court might deem just, and that the refusal of the court to grant the motion was an

abuse of its discretion. The court below is therefore directed to open the default, and permit an answer to be filed, upon such terms as it may deem proper.

FULLER, J. (dissenting.) Though controverted, it is made to appear by proper affidavits submitted in opposition to the motion to vacate the judgment, and from which I deem it unnecessary to quote at length, that, in allowing the case to go by default, the director upon whom service was obtained pursued in good faith and without collusion the policy of appellant corporation with reference to other valid claims against it, all of which had been placed in judgment without resistance; and there being no defense to the cause of action, or any part thereof, alleged in the complaint, he believed it to be for the best interests of his company and all the stockholders to interpose no answer. From a careful examination of all the evidence, I am convinced that the trial court was fully justified in concluding that there was no fraud, and that the director served, who was general manager of the corporation at the time the debt made the basis of the action was contracted, believed no meritorious defense ever existed, and that justice had been fully performed, at least so far as the legal rights of appellant are concerned. The motion under consideration being addressed to the sound discretion of the court wherein the judgment was entered, its allowance or denial upon the showing made at the hearing is not the subject of review, in the absence of an abuse of such discretion. Evans v. Fall River Co., 4 S. D. 119, 55 N. W. 862. In my opinion, the order appealed from should be affirmed.