CENTREVILLE NATIONAL BANK OF WARWICK *vs.* CHARLES M. INMAN.

JULY 6, 1912.

PRESENT:  Johnson, Parkhurst, and Sweetland, JJ.

*(1)  Removing Default.  Passing on Defence of Defendant.*

In the matter of motions to take off defaults, where the question whether the defendant has a defence on the merits is involved, the court will not seek to determine whether the defence claimed will prevail on a trial.

*(2)  Removing Default.  Passing on Defence of Defendant.*

Upon a motion to remove a default, it was error for the court to pass upon the truth and sufficiency of defendant's claim, which could only properly be passed upon by a jury or by the court in case jury trial was waived.

ASSUMPSIT. Heard on exception of defendant, and sustained.

PARKHURST, J. The defendant was defaulted in the Superior Court under the following circumstances; the suit was brought August 1, 1911, and made returnable August 15, 1911; the defendant employed an attorney who seasonably entered his appearance for defendant on August 9, 1911; and said attorney was, upon his request, duly excused from further attendance on the Superior Court from August 9 to September 15, 1911, and went away on a vacation and did not plead to the action within the time fixed by statute; while he was away, notice of motion by plaintiff's attorney to take judgment by default was left at his office, but not received by him, and default was taken September 2, 1911, before a justice other than the one who excused the attorney; upon the return of the defendant's attorney in September, he immediately moved to take off the default and a hearing was had before the Presiding Justice of the Superior Court, who heard evidence upon the question, whether the defendant had a defence to the action, as a condition precedent to taking off the default and allowing the defendant to plead to the action and proceed to trial.

From the transcript of the proceedings at this hearing, it does not appear that the question of the absence of the defendant's attorney on vacation and of his being excused by a justice of the court or that this was a valid excuse for not pleading to the action, was questioned; or that any question was considered, other than to find out whether the defendant had a defence to the action, it being conceded by the justice at the hearing that he would take off the default and allow the defendant to plead and go to the jury, if he could see any reasonable defence. But after hearing evidence from the defendant and also from the cashier of the plaintiff bank, the justice decided that there was no reasonable defence, and refused to take off the default. To this decision the defendant took exception and the case is now before this court upon this exception.

It appears that the note, upon which suit was brought, was originally for $1,200, dated July 2, 1904, to the order of the plaintiff, payable six months after date. It bears upon its face the signature of Daniel E. Sullivan and D. Lehane, and also the name "Charles M. Inman;" but Mr. Inman says he never saw the note until June 30, 1906, when he admits that he signed his name on the back of the note, under the words "June 30, 1906, I hereby guarantee the payment of this note." He denies that he ever saw the note before this latter date; but he is not certain whether he did or not place his name on the face of the note at this time. The cashier testified that he saw Mr. Inman sign the note in both places, but he does not give the date at which he claims it was signed on its face, nor does he offer any explanation why the defendant, if he was a joint and several maker, should have signed a guaranty on the back of the note, or why, if he was a guarantor, he should have signed on the face of the note, as a joint and several maker. We think the note itself indicates that the signature of Charles M. Inman was placed thereon in different ink and probably at a different time from the other signatures; and it appears that the claim of Mr. Inman is that he had nothing to do with the note when it was given, and knew nothing of it till nearly two years after its date, when he admits that he guaranteed it. The declaration simply declares against Mr. Inman as a maker of the note and so as primarily liable, but contains no count against him as a guarantor.

Under the circumstances, we think that the defendant should have been permitted to go before a jury and make his defence on the question whether or not he was a maker of the note, he being sued only as maker and not as a guarantor.

(1)    In the matter of motions to take off defaults, where the question whether the defendant has a defence on the merits is involved, it has been frequently held, that the court hearing the motion will not seek to determine whether the defence claimed will prevail on a trial; *Excise Commrs.* v. *Hollister*, 2 *Hilt.* (N. Y.) 588; *Benedict* v. *Arnoux*, 85 Hun. (N. Y.) 283;

nor will the court, on the motion, hear counter affidavits on the merits or examine into the truth of the allegations of defence—6 Encyc. Pl. & Pr. 188 and cas. cit.; *Francis v. Cox*, 33 Cal. 323; *Gracier v. Weir*, 45 Cal. 53; *Buck v. Havens*, 40 Ind. 221, 224; *Hanford v. McNair*, 2 Wend. (N. Y.) 286.

(2)    The error of the court in the case at bar was in passing upon the truth and sufficiency of the defendant's claim that he was not a maker of the note, which could only properly be passed upon by a jury on the trial of the case, or by the court in case a jury trial was waived.

The defendant's exception is sustained, and the case is remitted to the Superior Court, with direction to enter its order taking off the default upon such terms as to costs, as it shall determine, and to permit the defendant to plead within such time as it shall fix, and for further proceedings.

*Archibald C. Matteson*, for plaintiff.

*John P. Beagan, Joseph J. McCaffrey*, for defendant.