## SMITH v. MILLER.

[No. 6,796.   Filed June 22, 1909.]

1. PLEADING.— *Complaint.*— *Injunction.*— *Injury.*—*Facts.*—A complaint for an injunction to prevent irreparable injury must state the facts constituting such injury.   p. 170.

2. PLEADING.—*Complaint.*—*Injunction.*—*Cutting Off Sewer Outlet.* —A complaint to enjoin defendant from cutting off plaintiff's sewer outlet, alleging that his houses are connected with a certain sewer, describing it, that such sewer carries off all of the sewage from such houses, and that if defendant should disconnect such

sewer the plaintiff would suffer irreparable damage, in that he would be left without an outlet for sewage, is insufficient, the facts showing plaintiff's right to such connection, and the facts showing irreparable injury being omitted. p. 170.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Suit by William A. Miller against Lebanon B. Smith. From a decree for plaintiff, defendant appeals. *Reversed.*

*B. M. Willoughby* and *James M. House,* for appellant.

*Louis A. Meyer,* for appellee.

COMSTOCK, J.—Suit for perpetual injunction. Appellee seeks to enjoin appellant from disconnecting the residence of said appellee from a certain sewer on Shelby street in the city of Vincennes, Indiana.

The complaint alleges that the appellee is the owner of lot No. 140 in the city of Vincennes, Indiana, upon which are situated two dwelling-houses, one of which is occupied by appellee; that there is now, and for several years has been, a sewer extending from the corner of Sixth and Shelby streets in said city, down and along said Shelby street to the Wabash river; that the closets, wash-rooms and sinks in said dwelling-house are connected with the line of sewer-pipe and sewer which extends from the dwelling of the plaintiff over and across adjoining real estate to Shelby street, between Third and Fourth streets, to said line of sewer and sewer-pipe, being attached to and connected with an opening in the sewer there located and running from Sixth street to the Wabash river; that said connecting sewer is used by the plaintiff for the purpose of conveying and conducting sewage from plaintiff's dwelling-house; that the defendant is threatening to, and is about to disconnect said line of sewer and sewer-pipe, by severing the connection at the place where said sewer opens into and connects with said Shelby street sewer; that, if the defendant is permitted to disconnect and sever said connection, the plaintiff will suffer irreparable damage, in that he will be left without an outlet to dispose of said sewage.

To this complaint appellant's demurrer for want of facts was overruled, and upon refusing to plead further a decree was entered thereon in favor of appellee. The action of the court in overruling said demurrer is the only error assigned.

To warrant the extraordinary remedy of injunction in this case it must be made plainly to appear that there is a threatened invasion or a deprivation of some right of appellee, and that the carrying out of such threat will result in irreparable injury. The mere allegation of irreparable injury is not sufficient. The facts must appear on which the allegation is predicated. 1 High, Injunctions (3d ed.), §34; *American Plate Glass Co.* v. *Nicoson* (1905), 34 Ind. App. 643.

The acts on which the claim of irreparable injury is based are, that appellee will be left without any outlet to dispose of said sewage, and that the sewer gas will necessarily accumulate in the residence of this plaintiff, and said residence will become uninhabitable by reason thereof.

It does not follow that another outlet, more effective even than the one in question, may not be made. It does not appear from any averment that appellee had any right to connect his residence with the Shelby street sewer, nor any title or interest in the real estate at the point of connection in said street. If he had any license, easement or color of right to make the connection which the complaint alleges is threatened, such facts should be set out. In short, it does not appear that appellee had any right which was about to be invaded. Wanting in these averments, the court erred in overruling appellant's demurrer. *Windfall Nat. Gas, etc., Co.* v. *Terwilliger* (1899), 152 Ind. 364.

Judgment reversed, with instructions to sustain appellant's demurrer to the complaint, and for further proceedings in accordance with this opinion.