## PARK *v*. MORGAN.

[No. 7,823.   Filed February 18, 1913.]

1. INJUNCTION.— *Closing   Passway.— Complaint.— Sufficiency.— A* complaint to enjoin defendant from closing a passway, from which it is apparent that no prescriptive right exists in the easement claimed, and which alleges that defendant, with the consent of his son, who was then the owner of the land now owned by plaintiff, opened the passway in lieu of another which had been purchased by a remote grantor, and had since kept the same open as a passway from the land now owned by plaintiff to the public highway, but that defendant is now threatening to and will close same unless restrained from doing so, does not show a right of action in favor of plaintiff.   p. 478.

2. INJUNCTION.—*Closing   Passway.—Right  to  Relief.—*An action to enjoin the closing of a passway cannot be maintained where it does not appear from the complaint that plaintiff has any right therein that is about to be invaded.   p. 479.

From Morgan Circuit Court; *Henry C. Barnett,* Special Judge.

Action by Sarah B. Morgan against William P. Park. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*McNutt & Bain* and *E. K. Thomas,* for appellant.
*James M. Bishop* and *D. E. Watson,* for appellee.

ADAMS, J.—Judgment was rendered for appellee in this action, restraining and enjoining appellant from closing or in any manner interfering with appellee's use of a certain passway over the lands of appellant, and declaring said passway to be a permanent easement.

The first error assigned calls in question the sufficiency of the complaint to state a cause of action.   The complaint alleges that appellee is the owner of a certain forty-acre tract of land, which lies about one-fourth of a mile north of the Mooresville and Waverley gravel road; that appellee cannot reach said highway without

going over the lands of appellant or the lands of one Car-
penter. It is further averred "that more than 25 years
ago the plaintiff's grantor purchased a passway over the
lands of said Carpenter, and a few feet west of where it is
now located, to said highway, and the said grantor con-
tinued to use the same as a means of ingress and egress until
the real estate now owned by plaintiff, as aforesaid, was pur-
chased by a son of the defendant, which occurred in the
year 1892, when the defendant changed said passway from
the lands of Carpenter across the fence onto his own land,
by and with the consent of said son, who is a grantor of this
plaintiff, and said passway has ever since been maintained
and used as a passway by the owners of said real estate up
to the —— day of 1908 without objection, and as a pass-
way from the land now owned by plaintiff to said public
highway."

The passway claimed is particularly described in the com-
plaint, and it is averred that appellant is threatening to
close the same, and will do so unless restrained by the court.

It is apparent that no prescriptive right is shown in the
easement claimed. The possession and use of the way does
not appear to have been adverse, under claim of right, or
for a sufficient length of time to ripen into absolute right.
Nor does the averment that appellant in 1892 changed the
way from the Carpenter lands to his own, with the consent
of his son, make the complaint good. Had appellant sold a
right of way on his own lands, and subsequently changed
the same to another part, with the consent of the owner of
the easement, a different case would be presented. But it
is not shown by what authority appellant presumed to close
up the way on the Carpenter lands, or that there was any
agreement that the new way was to pass by virtue of the
consideration moving for the old way. In short, it does not
appear from the averments of the complaint that
2. appellee had any right that was about to be invaded,
and was, therefore, not entitled to the relief de-

480    APPELLATE COURT OF INDIANA,

Marion, etc., Bed Co. *v.* Empire State Surety Co.—52 Ind. App. 480.

manded. The court erred in overruling appellant's demurrer to the complaint. *Smith* v. *Miller* (1909), 44 Ind. App. 168, 170, 88 N. E. 859.

The judgment is reversed, and the cause remanded to the Morgan Circuit Court, with instructions to sustain appellant's demurrer to the complaint.

Note.—Reported in 100 N. E. 861. See, also, under (1, 2) 22 Cyc. 926. As to easements, and whether they may be acquired by operation of the statute of limitations, see 11 Am. Dec. 663. As to the necessity of something more than mere nonuser to extinguish easement, see 14 Am. St. 282.