No. 24,628.

Elroy Warner, Flo Warner, and Olivia Warner, *Appellees,* v. D. E. Kulp, and The Rose Acres Oil & Gas Company, *Appellants.*

SYLLABUS BY THE COURT.

Oil and Gas Lease—*Voluntary Suspension of Production—Ground for Cancellation.*  Where an oil and gas lease by its terms is to last for a stated time and as long thereafter as oil or gas is produced thereon the voluntary suspension of production by the lessee after the lapse of the period fixed is a sufficient ground for its cancellation.

Appeal from Butler district court; Allison T. Ayres, judge.  Opinion filed July 7, 1923.  Affirmed.

*A. V. Roberts, J. N. Haymaker,* and *R. E. Angle,* all of Wichita, for the appellants.

*C. G. Yankey, W. E. Holmes, D. W. Eaton,* and *John L. Gleason,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Mason, J.: The lessors, Elroy Warner and others, obtained a judgment cancelling the interests of D. E. Kulp and the Rose Acres Oil & Gas Company, who will be spoken of as the defendants, in

Warner v. Oil & Gas Co.

portions of an oil and gas lease assigned to them, unless within 90 days certain· work should be done or other requirements in lieu thereof should be met. The defendants appeal.

The defendants apparently consider the action merely one to forfeit the lease because of their breach of an implied agreement to hasten development. They characterize the judgment as an attempt of the court to make a new contract for the parties rather than to enforce the one actually made. We view the matter differently. The duration of the lease was fixed by a clause reading:

"It is agreed that this lease shall remain in force for a term of three years from May 15th, 1918, and as long thereafter as oil or gas or either of them is produced from said land by the lessee."

The three years had expired and the ·evidence warranted a finding, which the trial court must be deemed to have made, that the owners of the lease had voluntarily ceased production for a period of at least three months. Inasmuch as after the expiration of the three years the lease by its express terms was to last only as long as oil or gas was produced from the land by the lessees a judgment declaring it at an end was justified by the cessation of production. The defendants of course cannot be heard to complain that instead of making an absolute order to that effect the court fixed a period within which by the performance of certain conditions their rights under the lease might be continued in force. These considerations are sufficient to uphold the judgment. Moreover, there was evidence tending to show that the plaintiffs' interests were being sacrificed by delay in development, and considered with reference to this aspect of the case the judgment is not one of forfeiture, but a means adopted to enforce reasonable diligence in this regard, a remedy within the power of a court of equity. (*Brown v. Oil Co.,* post, p. 166.)

The judgment is affirmed.