**WISCONSIN–TEXAS OIL CO. et al. v. CLUTTER. (No. 7055.)***

(Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1924. Rehearing Denied Feb. 6, 1924.)

**1. Mines and minerals ⬟77—Lessor may seek specific performance of lease or cancellation thereof on abandonment, though lease does not contain forfeiture clause.**

On lessee's abandonment of oil and gas lease for which the real consideration was the development of the property, the lessor may sue in equity for specific performance of the contract and for damages, or at his election may seek a cancellation of the contract in its entirety on the ground of abandonment, even though the lease does not contain a forfeiture clause.

**2. Mines and minerals ⬟77—Abandonment of lease question of intention.**

Abandonment of an oil and gas lease is a question of intention.

**3. Mines and minerals ⬟77—Abandonment of lease may be established by either direct or circumstantial evidence.**

The intention to abandon an oil and gas lease may be established in the same manner as any other fact by positive testimony or by circumstantial evidence, such as the removal of machinery, quitting the premises, ceasing to work, and any other circumstances tending to show an intention to ultimately relinquish all rights and interest in the leased premises.

**4. Mines and minerals ⬟77—Abandonment of lease is for the jury.**

The question of abandonment of an oil and gas lease is one of fact for the jury.

**5. Mines and minerals ⬟77—Lease properly canceled on jury's finding of abandonment by lessee notwithstanding lessee's prayer for specific performance.**

In lessor's action to cancel oil and gas lease on ground of abandonment, in which the jury found that the lessee had abandoned the lease, the court did not err in fully canceling the lease and restoring the lessor to the full possession of the leased premises, though lessee had pleaded for a specific performance of the contract.

**6. Mines and minerals ⬟77—Estate acquired by lessee under oil and gas lease determinable by abandonment.**

Under an oil and gas lease the estate acquired by the lessee is not in fee nor absolute, but is determinable by abandonment, on the part of the lessee, of mineral development.

**7. Mines and minerals ⬟77—Lessor held entitled to judgment canceling lease on entire tract because of abandonment.**

In lessor's action to cancel lease on ground of abandonment, in which the jury found that lessee had abandoned the lease, the lessor was entitled to a judgment canceling the entire lease upon the entire tract, including that part of the land on which lessee had completed wells prior to abandonment, notwithstanding lessor's failure to specially plead his right to cancel lease on such part of the land.

**8. Mines and minerals ⬟77—Lease not divisible, but entire estate, including completed wells, forfeited by abandonment.**

An oil and gas lease provision for specific development by a well for every ten acres does not provide a basis for the division of the estate, for abandonment may occur at any time before the entire term of the contract has been fulfilled in respect to complete development of the entire estate, and, where the abandonment is complete, the entire tract, including that part on which wells were completed prior to abandonment, is returned to the true owner.

**9. Mines and minerals ⬟77—Failure to grant lessee right to remove casings, in lessor's action to cancel lease, held not error.**

In lessor's action to cancel oil and gas lease on the ground of abandonment, the court's failure to grant lessee the right to remove casing from wells completed prior to abandonment, or to make an equitable order with respect thereto, *held* not error, where there was no issue raised as to the value of the casings or prayer for any personal judgment therefor, or proof offered thereon as to the measure of damages.

⬟For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted March 26, 1924.

**10. Fixtures ⟨key⟩27(2)—Oil and gas lease held not to entitle lessee to remove casings from productive well on cancellation of lease because of abandonment.**

Oil and gas lease giving lessee "the right to remove at any time all machinery and fixtures placed on said premises from any exhausted or dry well or other operation including the right to draw and remove casing" did not entitle lessee to remove casings from a gas or oil producing well, the casing having become a fixture when production was reached.

### On Motion for Rehearing.

**11. Trial ⟨key⟩260(9)—Refusal of requested charge on "abandonment" of oil and gas lease held not error, in view of charge given; "abandon;" "relinquish."**

In lessor's action to cancel oil and gas lease on the ground of abandonment, refusal of lessees' requested charge on abandonment, requiring "proof of an actual abandonment with the coincident intention to relinquish such estate or interest and not thereafter to assert the same" and an "intention voluntarily to abandon and relinquish their rights," *held* not error, in view of charge given by court that abandonment is a question of intention to be determined from all the facts and circumstances in the case, since the word "abandon" means to give up; desert or forsake utterly; give up all claim to; yield oneself; while the definition of "relinquish" is to forsake or · abandon; quit; leave with reluctance; desist from; renounce a claim to; so that the words are synonymous, and the word "abandonment," as is well known and understood by jurors generally, means to give up all claim to and relinquish all claim to.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandon —Abandonment; Relinquish.] ·

Error from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by Joe Clutter against the Wisconsin-Texas Oil Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Mason Williams, Kennon & Kennon, and King & Roark, all of San Antonio, and Willet M. Spooner and Leo Mann, both of Milwaukee, Wis., for plaintiffs in error.

Terrell, Davis, Huff & McMillan, of San Antonio, for defendant in error.

COBBS, J. The main issue tried in this case was abandonment. The facts are practically the same as those introduced on a former trial of this case, reported in (Tex. Civ. App.) 233 S. W. 323, and now may be looked to, both for a statement of the issues and of the facts, for in the main they are the same as here.

Very just complaint is made at the manner in which the plaintiffs in error have briefed this case. The complaint is:

"Counsel for plaintiffs in error submit their case upon 23 different propositions of law, presumably based upon 29 different assignments of error, without, however, in any manner, indicating the assignment or assignments to which any proposition may be germane or pertinent."

And defendant in error, in support of such motion, cites rule No. 30, of the Court of Civil Appeals, and Equipment Co. v. Luse (Tex. Civ. App.) 250 S. W. 1106.

While it may be admitted that the rule for good briefing has not been followed, and for that reason greater labor has been imposed upon this court, we have concluded to retain this case to be disposed of on its merits, as there is really but one question that need be considered after all, which involves only facts.

After hearing the evidence the court submitted only one issue, and that, together with the answer of the jury, is as follows:

"Question No. 1. Did George B. Mechem, or his assigns the Wisconsin-Texas Oil Company and the Wisconsin-Texas Gas Company, prior to January 14, 1920, abandon the oil and gas lease in controversy? Answer 'Yes' or 'No.'

"You are instructed in connection with Question No. 1 that abandonment is a question of intention, and the duty rests upon you in answering this question to ascertain what the intention of the defendants was in this case up to the time of the filing of this suit, to wit: January 14, 1920. The intention to abandon may be shown by all the facts and circumstances in the case. The intention not to abandon may likewise be determined by all the facts and circumstances in the case. The burden of proof is upon the plaintiff to establish the affirmative of question No. 1, by a preponderance of all the evidence."

"To question No. 1 we answer: Yes."

Upon this finding the trial court entered judgment in favor of the defendant in error.

This cause was reversed by this court (233 S. W. 323) and remanded for a new trial, because we did not believe under the facts the trial court was justified in taking the case from the jury to instruct a verdict. The facts have been greatly and materially strengthened, and they conclusively support the findings of the jury, and they are too lengthy and voluminous to set out in detail.

The lease in controversy provided for a mineral lease and was to run for five years, "or as long thereafter as oil, gas or other mineral is produced from said leased premises." It contained no specific clause of forfeiture. So the real consideration for the lease was the development of the property.

[1] It cannot be successfully maintained in such cases, where there were no forfeiture rights, that the lessor is without some remedy, either in equity for specific performance of the contract and damages, or at his election, in the alternative, upon sufficient

grounds to have a cancellation of the contract in its entirety upon the ground of abandonment.

[2] Abandonment is dependent upon the acts of the party; it is a question of intention to be ascertained and determined by the jury as to what that intention was up to the time of filing the suit. We think the charge of the court submitted a correct definition of abandonment to the jury.

[3, 4] That intention to abandon the lease, or what is equivalent thereto, may be established just as any other fact may be, by positive testimony or by circumstantial evidence, such as the removal of machinery, quitting the premises, ceasing to work, and any other circumstance of value tending to show an intention to ultimately relinquish all rights and interest in the leased premises. The question being one of fact, much latitude is given to the jury, and they were entitled to weigh carefully every circumstance the court allowed to go to them, in reaching their verdict.

[5] Upon the verdict of the jury there was no error in the judgment entered by the trial court fully canceling the lease and restoring the lessor to the full possession of the leased premises, even though plaintiff in error had pleaded for a specific performance of the terms of the contract. Having abandoned the contract, plaintiff in error was in pari delicto and without remedy. It could not abandon a contract and at the same time perform it, for the rights which it held were terminated and surrendered, and the lessor became reinvested in the title and entitled to the possession of and the full enjoyment of the estate. Texas Co. v. Davis (Tex. Sup.) 254 S. W. 307.

[6] The estate that a lessee acquires to secure production of minerals is not in fee nor absolute, because it may be lost, and is determinable by abandonment, on the part of the lessee, of mineral development.

[7] When plaintiff in error abandoned this contract, as found by the jury, defendant in error was entitled to a judgment canceling the entire lease upon the entire tract, and it was not necessary to specially plead his right to cancel the lease upon that part of the land where the two completed wells were situated, even though the two wells were completed prior to the abandonment.

[8] When a lease contract provides for specific development for, say, a well for every ten acres, such provision cannot be construed as providing a basis for the division of the estate, for abandonment may occur at any time before the entire term of the contract has been fulfilled, in respect to complete development of the entire estate. The affirmative of such a proposition would mean that a lessee who has contracted for the development of the entire estate may satisfy his contract by only drilling one well,

and never another, and thereby hold the entire estate from future development.

When the abandonment is complete, the entire estate, in the absence of some agreement to the contrary, is returned to the true owner, notwithstanding prior to the abandonment certain improvements had been made. The abandonment here terminated the entire estate. Grubb v. McAfee, 109 Tex. 527, 212 S. W. 465; Robinson v. Jacobs (Tex. Sup.) 254 S. W. 309.

Plaintiff in error pleaded and proved an escrow agreement made after the signing of the lease, eliminating the rental provision. Then the lessee elected to fix his rights upon the development, and thereafter had no estate for five years, but only a determinable estate based upon development and production.

We have examined the charges requested by plaintiff in error and hold that the court did not commit error in their refusal. There was but one issue necessary for the disposal of this case, and the charge of the court fairly and fully covered that, and correctly gave the law in the charge.

[9] Plaintiff in error contends the court erred in not granting the right to remove the casing from the wells or enter such order as would be equitable. There was no issue raised or made as to the value of the casing, or prayer for any personal judgment therefor, or proof offered thereon as to the measure of damages, were that permissible.

The lease contract provided:

"Lessee shall have the right to remove, at any time, all machinery and fixtures placed on said premises from any exhausted or dry well or other operation, including the right to draw and remove casing."

The contract does provide, in case water be found in a well and the lessor desires to keep it, he may keep it by paying the actual cost and carriage from San Antonio.

[10] There is no right given to remove the casing from a gas or oil producing well, obviously, for the reason that it would become a fixture when production was reached, and no lessor would grant a right for removal that would waste and destroy the very production sought to be obtained through the lease. This very contingency was evidently contemplated by the contract, which required the development of the mineral lease. The evidence showed that these two producing wells were drilled, cased, and anchored to the soil with cables and iron straps, and the casing was firmly cemented in the ground with sufficient cement to tie it to the soil, which thereby created these wells as fixtures appurtenant to and a part of the land, capable of producing daily many thousands of cubic feet of gas. To permit their removal would mean to defy the law against the waste in oil and gas production. We can readily perceive why the provision was made

to allow the lessee during the operation of his contract to remove casings from any wells and sink them in other places required in the development of the lease, or take them away, but not when properly tied to the ground in a producing well.

We do not think there is anything in petitioners' contention, under the facts, that A. P. Barrett was a necessary party to this suit, and overrule the assignment.

Petitioners having assigned no reversible error, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

Plaintiffs in error complain that our remarks concerning their brief are severe, and proceed to show that the rule was sufficiently complied with, citing in support of their position rule 30, as construed in the case of Adams et al. v. Adams (Tex. Civ. App.) 253 S. W. 605. It was not our intention to criticize or administer a rebuke that would "become a part of the permanent court record of our state," or otherwise, and for that reason this court has always carefully refrained from placing lawyers in unpleasant positions before the profession and the public. The reason we have said so much now is to relieve counsel of their erroneous impression, and at the same time, in justice to them, give their viewpoint.

[11] We do not think the court erred in refusing to give either of the requested charges of plaintiffs in error, to wit:

(8) "In connection with the issue of abandonment submitted, you are instructed that an estate or interest in property once vested or acquired cannot be terminated except by proof of an actual abandonment with the coincident intention to relinquish such estate or interest and not thereafter to assert the same."

(13) "You are instructed that abandonment is a question of intention, and, in order for you to find that the defendants abandoned the lease in question, the intention voluntarily to abandon and relinquish their rights must appear from the evidence."

The contention is that in cases of abandonment of oil lease contracts there must be shown "a coincident intention to relinquish such estate and never thereafter to assert any right," and "the intention voluntarily to abandon and relinquish their rights must appear from the evidence."

These requested charges would not make any clearer to the jury what they were expected to find from the very clear charge and explanation the court gave them. The court gave in the charge for the jury to ascertain if plaintiffs in error "abandoned the oil and gas lease." The definition thereof is: To give up; desert or forsake utterly; give up all claim to; yield oneself. The definition of relinquish is: To forsake or abandon; quit; leave with reluctance; desist from; renounce a claim to.

The words are really synonyms. Clearly, it would have been error to have limited the jury to first find actual abandonment, then to further find a "coincident intention to relinquish." The court told the jury that abandonment was a question of intention, to be shown by all the facts and circumstances in the case. It has a plain meaning, that is well known and understood by jurors generally, to give up all claim to and relinquish all claim to, and there was no reason to give plaintiffs in error's charge.

Whatever may be the unfortunate position in which plaintiffs in error find themselves, in regard to the loss of the gas and oil well already bored, and as much as we would like to give relief, we are precluded by the finding of the issues, by the jury, against plaintiffs in error.

We find nothing new in plaintiffs in error's brief that was not before presented and now again ably argued in the motion for rehearing.

The motion is overruled.