### ORFIC GASOLINE PRODUCTION CO. v. HERRING.   (No. 240.)

(Court of Civil Appeals of Texas. Waco. May 28, 1925.)

**1. Fixtures ⬖15—Casings, derricks, and machinery placed on land by lessee do not become part of realty.**

Where lessee, in seeking to explore for oil and gas, places casing in well and erects derricks and machinery, it does not become part of realty.

**2. Fixtures ⬖32—Neither owner of well nor owner of land can withdraw well casing so long as well is producer.**

As long as a well is a producer, neither owner of land nor owner of well can withdraw casings and thereby destroy well.

**3. Fixtures ⬖32—Lessee, owning casings and fixtures, may remove them after producing well becomes a nonproducer.**

Where a well is a producer and thereafter becomes a nonproducer, lessee, who owns casing and fixtures, may within a reasonable time remove them.

**4. Mines and minerals ⬖74—Sale of oil and gas lease does not convey interest in well casings or fixtures.**

Sale of oil and gas lease does not convey any interest in, or to casings in well, or fixtures used in connection therewith.

**5. Sales ⬖235(2)—One purchasing oil well casings and fixtures from landowner, while another was in actual possession and control, held not an innocent purchaser.**

Where, at time defendant purchased well casings from owner of land, plaintiff was in ac-

tual possession of well, casings, and fixtures, and was using gas production therefrom, defendant was not an innocent purchaser.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Suit by the Orfic Gasoline Production Company against S. C. Herring to restrain defendant from pulling casing out of gas well, and to quiet title therein in plaintiff. Judgment was entered enjoining defendants from removing casing or fixtures while well is producer, but defendant was given title to casings and fixtures, with right to remove them when well ceased to be producer, and plaintiff appeals. Reversed and rendered in part, and affirmed in part.

Allen K. Swann, of Tulsa, Okl., and Oxford & Johnson, of Stephenville, for appellant.

Smith & Birge, of Desdemona, and R. L. Thompson, of Stephenville, for appellee.

BARCUS, J. This suit was instituted by appellant, seeking an injunction to restrain appellee from pulling the casing out of a gas well and appropriating same, and to quiet title in appellant to the casing and fixtures in and connected with said well.

In 1918, Joseph Terry and others executed an oil and gas lease contract to J. A. Mercer to 160 acres of land in Erath county. The lease provides that it shall remain in force for a term of two years from its date, September 3, 1918, and as long thereafter as oil or gas, or either of them, is produced from said land by lessee. It further provides that the lessor is to have one-eighth of the oil and $200 a year for each gas well, and provides that lessee shall have the right at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing. The lease on 15 acres of the tract was transferred to the Jasamine Oil & Production Company, which drilled a well, and used in the drilling thereof the casing and other fixtures involved in this litigation. The well was dug to about 3,000 feet in March, 1920, and proved to be a gas well, and same has been a producer of gas from said time to the date of trial. After the well was brought in, the Jasamine Oil & Production Company sold the well, its production and all of the casing, derrick, and fixtures, to W. A. Letson, in May, 1920, and by a regular chain of sales same were conveyed to appellant in August, 1921. Gas was used in small quantities from the well from the time it came in until November, 1921, when the production was materially increased, and beginning with November, 1921, the owners of the royalty for the first time obtained payments thereon. After the Jasamine Oil & Production Company sold the well to Letson, they abandoned their claim in the balance of

the 15 acres which they had leased, and no further efforts were made to develop same. The evidence shows that five different wells were brought in by so many different companies on the 160-acre tract. As to whether they had been abandoned or not, the evidence is not clear. In December, 1920, Joseph Terry and others who made the original lease, and who were still the owners of the land, acting on the theory that the lease made in 1918 had lapsed, leased the entire 160 acres to J. N. Rushing, the lease containing the same provisions as contained in the lease from Terry and others to Mercer in 1918. Rushing thereafter transferred the lease to W. D. Terry, one of the owners of the land, and W. D. Terry conveyed same to his wife, Mrs. B. N. Terry, and she in turn, joined by her husband, transferred the oil lease to S. C. Herring, and then she individually attempted to convey the casing and fixtures in and around the well to S. C. Herring, the appellee herein. Herring was fixing to draw the casing from the well and remove the fixtures when this suit was instituted.

The trial court withdrew the case from the jury, and in its judgment found that appellant was entitled to the gas from the well, and enjoined appellee from drawing the casing or removing the rig, or from doing anything that would endanger or injure the well, or that would in any way interfere with appellant's rights to the gas production so long as the well continued to be a producer. The court also entered judgment for appellee Herring, quieting his title and possession to the leasehold estate and to the casing in the well and the rig over same, and provided that appellee could remove same when the well ceased to be a producer.

The sole issue involved in this appeal is as to the action of the trial court in awarding to appellee the casing and fixtures in and over said well.

[1, 2] Appellant complains of the trial court's action in refusing to instruct the jury to return a verdict for it for the casing in the well and the fixtures used in connection therewith, which had been placed there by the Jasamine Oil & Production Company in the drilling of the well. We sustain this assignment. Under the terms of the lease contract, the lease continued in force so long as gas or oil was produced on the land, and the trial court found in its judgment, and said finding is established by the undisputed evidence, that the well was a producer when it was brought in in March, 1920, and had continued as a producer up until the time of trial in 1924. It is an undisputed fact that appellant, by a regular chain of title, had purchased the casing and fixtures from the Jasamine Oil & Production Company. Appellee contends that since the well was a producer, the fixtures and casing thereby became a part of the realty. This position is untenable. Where a lessee, in seeking to explore for oil and gas, places casing in the well and erects derricks and places machinery on the ground for said purpose, it does not become a part of the realty. The contract given by the landowners to the Jasamine Oil & Production Company provides specifically that the casing and fixtures placed on the land by it could be removed. If the well had proved a dry hole, unquestionably the parties would have had the right to remove the casing within a reasonable time after the lease contract expired and the field had been abandoned. Because the well is a producer does not thereby change the title to either the personal or real property. So long as the well is a producer, neither the owner of the well nor the owner of the land would have a right to draw the casing and thereby destroy the well. Since all parties who are interested in the property have an interest in the well, no one would have a right to do any act that would destroy the rights of the co-tenants or co-owners of the property. Clutter v. Wisconsin-Texas Oil Co. (Tex. Civ. App.) 233 S. W. 323; Id. (Tex. Civ. App.) 258 S. W. 265; Id. (Tex. Com. App.) 268 S. W. 921.

[3] Where a well is a producer and thereafter becomes a nonproducer, and by reason of its having ceased to be a producing well, becomes worthless, the lessee who owns the casing and fixtures has the right, within a reasonable time, to remove same, the same as though the well had been originally a dry hole. Perry v. Acme Oil Co., 44 Ind. App. 168, 88 N. E. 859; Gartland v. Hickman, 56 W. Va. 75, 49 S. E. 14, 67 L. R. A. 694; Thornton's Law of Oil and Gas (3d Ed.) par. 653. By reason of the fact that the well from its completion was and has been a producer, neither appellant nor his predecessors had a right to withdraw the casing and thereby destroy the well. By the same reasoning and the same rule of justice, if the well ceases to be a producer, the lessee, who put the casing and fixtures in and over the well, or its successors and assigns, would have the right to remove same as their personal, individual property.

[4] Appellee contends that he obtained title by reason of his purchase of the lease from the landowners. The Supreme Court, in Moore v. Carey Bros. Oil Co. (Tex. Com. App.) 269 S. W. 75, holds, in effect, that a sale of an oil and gas lease does not transfer or convey any interest in or to the casing in the well or the fixtures used in connection therewith located on the land covered by the oil and gas lease, for the reason that the casing in the well and the fixtures used in connection therewith are not any part of the realty. Appellee did not therefore obtain any interest in or to the casing or fixtures by reason of having purchased the oil and gas lease on said property.

[5] Appellee further claims that he owns the casing by reason of having, in February, 1924, a few days before this suit was filed,

purchased same from Mrs. B. N. Terry. Without passing on the question whether she, as a married woman, had the ability without being joined by her husband to dispose of the casing in the well, the record shows she did not have any interest or title therein and therefore did not convey any interest by the pretended bill of sale. At the time she executed and delivered the bill of sale to appellee, appellant was in actual possession and control of the well, the casing and fixtures, and was using the gas production therefrom and paying the royalty to the respective owners. Appellee was charged with notice of appellant's rights in and to said casing and fixtures, and was not an innocent purchaser thereof under the facts in this case.

The judgment of the trial court, in so far as it quiets the title to the casing in the well and the rig over same in appellee, is in all things reversed, and it appearing to the court that the facts with reference thereto are uncontroverted, judgment is here rendered quieting the title in and to the casing in the well in controversy and the rig over same, in appellant, Orfic Gasoline Production Company. Said casing, however, not to be pulled so long as the well is a producing well. It is ordered that appellee pay all costs of both the trial court as well as this court. In all other respects, the judgment of the trial court is affirmed.