**MILLER et al. v. ST. JOSEPH'S 55 OIL ASS'N et al. (No. 7445.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1925. Rehearing Denied Jan. 6, 1926.)

**I. Mines and minerals ⬿78(7)—Evidence held to take question of abandonment of oil lease to jury.**

In action to try title to recover land on which oil lease had been granted, *held*, there was sufficient evidence in question whether lease had been abandoned to take case to jury.

**2. Appeal and error ⬿209(1)—Verdict of jury must stand, in absence of attack for want of testimony to support it.**

In action to try title to land on which oil lease had been granted, where court by proper charge submitted issue of abandonment of lease to jury who found there was no abandonment, verdict must stand, in absence of attack for want of testimony to support it.

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Mines and minerals ⟨⟩78(7)—Burden of proving intention of lessee to abandon lease after discovery of oil was on lessor.**

Where lessee of oil lease had discovered and produced oil and gas, his right and title became fixed and vested in seven-eighths of oil and nine-tenths of gas recovered and further right to develop, hence burden, in suit to remove lease as cloud, was on lessor to establish by satisfactory proof intention of lessee to abandon lease.

**4. Trial ⟨⟩351(5)—Special issues properly refused, where sole and single issue was submitted properly.**

Refusal of requested issues is not error, where court's charge submitted sole and single issue in the case properly.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Fernando Miller and others against the St. Joseph's 55 Oil Association and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Wm. C. Church and 'Douglas N. Lawley, both of San Antonio, for appellants.

E. P. Rochester and E. H. Powell, both of San Antonio, for appellees.

COBBS, J. Appellants sued appellee in trespass to try title to recover the north 154.3 acres of land out of the Francisco Rolen survey No. 48, abstract No. 617, on the south side of the Medina river, about 17 miles southwest from the city of San Antonio, Bexar county, Tex., describing the land by metes and bounds, and for the cancellation of and removal of cloud from title by reason of a certain oil and gas lease on said tract of land, executed by Joseph A. Avent to W. W. Whitaker on the 12th day of June, A. D. 1918, recorded in volume 544, pages 309–311 of the Deed Records of Bexar County, setting up in their original petition, in substantiation of their first count, the 3, 5, and 10 year statutes of limitation, and alleging for second count the execution of said lease, as aforesaid, and the subsequent assignments thereof to said defendants, and the failure on the part of said defendants the St. Joseph's 55 Oil Association et al. to carry out and perform the terms, conditions, and covenants of said oil and gas lease, the termination of said lease according to its terms, and, further, that said defendants had totally abandoned said lease.

Appellees filed sufficient responsive pleadings. The case was tried with a jury upon special instructions, which, with the answers of the jury, are as follows:

"You are instructed that the burden of proof is upon the plaintiffs to establish the affirmative of the following issue by a preponderance of all the evidence:

"Bearing in mind the foregoing instructions, you will answer the following question upon the form accompanying this charge, and let the same be signed by your foreman:

"Question No. 1: Did the defendant St. Joseph's 55 Oil Association prior to August 25, 1924, abandon the oil and gas lease in controversy? Answer 'Yes' or 'No.'

"You are instructed that abandonment is a question of intention, and the duty rests upon you in answering this question to ascertain what the intention of the defendants was in this case up to the time of the filing of this suit, to wit, August 25, 1924. The intention to abandon may be shown by all the facts and circumstances in the case. The intention not to abandon may likewise be determined by all the facts and circumstances in the case.

"In connection with the issue of abandonment submitted, you are further instructed that a temporary cessation of development or operations would not, as a matter of law, constitute an abandonment within the meaning of that word as submitted, but that you are authorized to consider such cessation, if any, in this cause only as it may bear, if it does, upon the question of the intention, if any, of defendant St. Joseph's 55 Oil Association, prior to the institution of this suit, to relinquish their rights under the contract in the leased premises."

[1] There is no merit in appellants' first assignment that the court should have instructed a verdict, for the very simple reason that there was sufficient testimony to go to the jury.

This case grows out of the alleged breach of the terms of a written oil lease contract with covenants expressed in the most usual form of the ordinary oil lease contracts. The lease contained the very usual clause for the boring and prospecting for gas, oil, and other minerals. It was written therein:

"It is agreed that this lease shall remain in force for a term of five years from this date and as long thereafter as oil or gas or either of them is produced from said land by the lessee."

The lease is based upon an annual rental of $447 and the usual royalties upon oil and gas discovered and recovered from the leased premises.

Appellee drilled two wells on the property; also a water well, which cost $350; then began the drilling of well No. 2. Appellee rented the rig that the Lain Oil Company had to do the work with, and had considerable trouble with it. It cost about $8,500. The lease was equipped with all necessary equipment for pumping the wells, and did pump them. Appellee spent about $22,000 altogether on the lease. Appellee did not own the drilling rig; that was the reason they quit work, but they expected to buy one of their own. The Lain Oil Company owned the rig, and, when the second well was finished, the Lain people had Mr. Heath remove the drilling machinery to their own plant. Appellees could not prevent this. They did not remove the derrick from the lease, but, after it was blown down by the storm, the Pioneer Oil &

Refining Company, in its suit against appellees, attached the property of appellee, including parts of the derrick, and hauled the same off. That indebtedness has been paid in full to the Pioneer people. Most of the appellees reside in Missouri, but have at different times come down to look over and inspect their property, wells, etc., and to care for the same.

Appellees have removed no machinery, but have striven to keep the same intact and pump the oil from the wells. They have spent large sums of money on the wells, and continued to operate the same and care for them the best they could. They have continued, and have paid off many small obligations and small debts, and used diligence in securing and attempting to secure persons and agents to pump the wells, offering to give to the pumper as much as seven-eighths of the oil and nine-tenths of gas produced from the wells.

Appellants have nowhere questioned the sufficiency of the testimony to support the verdict of the jury; nor have appellants pointed out any error in the court's charge.

[2, 3] The controlling question, and the only one of any consequence that appellants have contended for, is that appellees, by their act and conduct, abandoned the lease, and thereby forfeited any further right thereunder. The court by a very proper charge submitted the issue to the jury, who found there was no abandonment, and that verdict must stand, in the absence of an attack upon the same for the want of testimony to support it. Appellees discovered and produced oil and gas in the wells. When that was accomplished, appellees' right and title became fixed and vested in seven-eighths of the oil and nine-tenths of the gas recovered from the premises, and the further right to continue the development in accordance with their contract. This being accomplished, the burden was upon appellant to show and establish by "satisfactory proof" an intention of appellees to abandon the lease. Fisher v. Crescent Oil Co. (Tex. Civ. App.) 178 S. W. 905; Heard v. Pratt (Tex. Civ. App.) 257 S. W. 660.

[4] We have examined the special issues requested by appellant, and do not think there was any error in their refusal. The court's charge submitted the sole and single issue in the case properly. We see no merit in any of the issues requested by appellants and refused by the court. We do not see how they could in any way give added assistance to the jury in their deliberation. We discussed very fully the question of abandonment in the case of Wisconsin-Texas Oil Co. et al. v. Clutter, 258 S. W. 265. It is true the Supreme Court granted a writ of error and approved the opinion of the Commission of Appeals, remanding the case (268 S. W. 922), but it did not dissent from our opinion on the discussion of the question involved, but on the refusal of the trial court to give the charge to the effect that "a temporary cessation of development or operations would not, as a matter of law, constitute an abandonment within the meaning of that word as submitted, but that you are authorized to consider such cessation, if any, in this cause, only as it may bear, if it does, upon the question of the intention." We affirmed the ruling of the trial court, and thought then, and still think, the court's charge covered every phase of all the issues involved in the question of abandonment, and the special requested charge was of no additional assistance to the jury on the issue.

The Commission of Appeals seems to have thought that the refused requested charge on negligence in Hines, Director General, v. Hodges (Tex. Civ. App.) 238 S. W. 349, was very similar to the one passed on in this case, and remanded it, and the holding was approved by the two associate justices of the Supreme Court; its Chief Justice not sitting.

We think there is no merit in the special issues that appellants submitted here, because they are covered by the court's charge to the jury, whose findings are supported by the evidence.

Finding no reversible error assigned, the judgment of the trial court is affirmed.