THE CLEVELAND STONE COMPANY, Respondent, v. HOLLINGWORTH, et al, Appellants.

(244 N. W. 917.)

(File Nos. 7096 and 7101. Opinion filed November 1, 1932.)

E. B. Adams, of Hot Springs, for Appellant.

Chas. S. Eastman and G. C. Caylor, both of Hot Springs, and A. R. Nequette, of Edgemont, for Respondents.

ROBERTS, J. Plaintiff brought this action to quiet title against J. F. Hollingworth, Rolland F. Ireland, the superintendent

of banks, and "all persons unknown" claiming any interest in the land involved in the action. The summons and complaint were personally served upon J. F. Hollingworth and the superintendent of banks. Defendant Rolland F. Ireland was a nonresident, and service upon him and upon all unknown defendants was made by publication. Findings were made and judgment was entered for plaintiff on May 17, 1928. The appellants John W. Baxter and W. V. Bennett on August 26, 1929, made motions to vacate the judgment and for leave to defend in the action. The motions were denied by the trial court, and from the orders denying such motions appeals have been perfected.

It is not contended that the applications were not timely, and no issue is presented as to the sufficiency of the affidavits of merits or of the showing to constitute a valid excuse for failing to answer or demur. The question requiring consideration is the sufficiency of the defenses presented in the proposed answers. They interpose general denials to the allegation of the complaint. It is admitted in each answer that the plaintiff company is the owner in fee of the premises described in the complaint, but it is denied specifically that the company is entitled to possession. The answers also deny that the appellants were unknown defendants, and allege that at the time of the commencement of the action the plaintiff company was aware that appellants had an interest in the property involved in the action. It is further affirmatively alleged that on or about July 1, 1924, the plaintiff entered into an oil and gas lease with defendant Hollingworth; that at the time of the execution and delivery of the lease to defendant Hollingworth the plaintiff company knew that there was associated with him one Harry Hollingworth, W. V. Bennett, and W. G. Ure, each owning a one-fourth interest therein; that after the execution of the lease and prior to September 17, 1924, the owners of the lease entered into certain negotiations with defendant Rolland F. Ireland, one L. A. Ireland, and Appellant John W. Baxter, whereby it was agreed that the lease should be assigned to Rolland F. Ireland and that all the parties to the agreement should contribute money for the drilling of a well upon the premises in question to ascertain whether oil could be found and to carry out the conditions of the lease; that John W. Baxter has a one-fourth interest therein, and each of the other parties to the agreement a one-eighth interest; that thereafter a

well was drilled upon the premises to a depth of approximately 2,200 feet and oil discovered in commercial quantities; and that the lease to the plaintiff provides that the same shall remain in full force and effect for a term of one year from the date thereof and as long thereafter as oil or gas, or either of them, is produced upon the land by the lessee.

Affidavits were filed by the plaintiff which embraced statements not pertinent to issues before the trial court. In affidavits made by officers of the plaintiff company it is denied that the plaintiff had knowledge that the appellants had or claimed any interest in the lease. Harry L. Hollingworth in his affidavit states that drilling operations ceased in the spring of 1925; that the "entire project was wholly and unequivocally abandoned" by Ireland and "by every person whomsoever"; that any right or interest that appellants claim to have in the premises were acquired through oral negotiations and agreements with defendant Ireland; and that any interest of the appellants in the lease was foreclosed by a judgment rendered in an action instituted by the superintendent of banks against the defendant Ireland. This in effect constitutes an attempt to controvert the sufficiency of the defense. The merits of a defense cannot properly be determined upon motion to open a default judgment. Congdon Hardware Co. v. Consolidated Apex Min. Co., 11 S. D. 376, 77 N. W. 1022.

The further contention is made that the contract under which the appellants claim an interest was oral and within the statute of frauds. It does not appear from the proposed answer that the contract was verbal, and conceding that the plaintiff is correct in its contentions, the question was not reached in the proceedings before the trial court.

The orders appealed from are therefore reversed, and the causes remanded with directions to the court below to grant the appellants the relief applied for.

CAMPBELL, P. J., and POLLEY and RUDOLPH, JJ., concur.

WARREN, J., disqualified and not sitting.