## THE CLEVELAND STONE COMPANY, Respondent, v. HOLLINGSWORTH, et al, Appellants.

### (262 N. W. 171.)

(File No. 7708. Opinion filed August 5, 1935.)

E. B. Adams, of Hot Springs, for Appellant.

Charles S. Eastman and G. C. Caylor, both of Hot Springs, and A. R. Nequette, of Edgemont, for Respondent.

ROBERTS, J. This is an action to quiet title to a tract of 640 acres of land in Fall River county. There was judgment for

the plaintiff entered on May 17, 1928. John W. Baxter and W. V. Bennett made motions to vacate the judgment and for leave to answer and defend in the action. This court, on appeal, held that the refusal of the trial court to grant the motions was error. Cleveland Stone Company v. Hollingworth, 60 S. D. 499, 244 N. W. 917. The action came on to be heard by the trial court upon the issues joined between plaintiff and these defendants, and resulted in a judgment for the plaintiff. From this judgment the present appeal is taken by Defendant Baxter.

Plaintiff company, on the first day of July, 1924, executed and delivered to J. F. Hollingworth an oil and gas lease. The material portions of this lease read:

"Agreement, Made and entered into this first day of July, 1924, by and between The Cleveland Stone Company, a corporation of Cleveland, Ohio, party of the first part, hereinafter called the lessor and J. F. Hollingworth, party of the second part, hereinafter called the lessee.

"Witnesseth: That the said lessor, for and in consideration of One Dollar ($1.00) cash in hand, receipt of which is hereby acknowledged and of the covenants and agreements hereinafter contained on the part of the lessee to be paid, kept and performed, has granted, demised, leased and let and by these presents does hereby demise, lease and let unto the said lessee, for the sole and only purpose of drilling and operating for oil and gas, and laying pipe lines and building tanks, power stations and structures thereon to produce, save and take care of said products, all that certain tract of land situate in the county of Fall River, State of South Dakota, described as follows, to-wit: * * *

"It is agreed that this lease shall remain in force for a term of one year from this date, subject to the terms hereafter mentioned, and as long thereafter as oil or gas, or either of them is produced from said land by the lessee.

"Lessee shall begin, in good faith, the operation of drilling a well within ninety days of the signing of this lease, and shall continue the same with diligence till completed. If the well proves to be a dry hole, lessee shall start a well on a new location on said property within one hundred twenty days (120) therefrom, and continue the drilling with diligence to completion.

"On failure to comply with either of above provisions by said lessee, said lease shall terminate and become void and of no effect. * * *

"Consent is hereby given by said lessor to lessee to assign this lease as a whole, but said premises or no part thereof shall be sub-let unless it be the whole part, and no part without the written consent of said lessor.

"Lessor hereby warrants and agrees to defend the title to the lands herein described and agrees that the lessee shall have the right at any time to redeem for lessor, by payment, any mortgages, taxes or other liens on the above described lands, in the event of default of payment by lessor, and be subrogated to the rights of the holder thereof."

Defendant Baxter alleges in his answer that he had a one-fourth interest in this lease and each of his six associates has a one-eighth interest; that he and his associates furnished large sums of money for the purpose of drilling for oil upon the real property in question; that a well was drilled to a depth of approximately 2,200 feet and oil was discovered in commercial quantities; that there is now present in the well drilled upon the said land by him and his associates oil and gas; and that they have fully complied with the terms and conditions of the lease.

The trial court made findings of fact to the effect that the plaintiff company, as owner of the land, executed the lease as above stated; that the lease was assigned with the written consent of the plaintiff company on September 13, 1924, by the lessee to Roland F. Ireland; that any negotiations or agreements which defendants Baxter and Bennett and their associates had with the assignee of the lease whereby they were to furnish money for drilling operations and share in the production of oil and gas were not in writing and were made without the knowledge or consent of the plaintiff; that no gas or oil was ever produced from this well; that drilling operations on the premises of the plaintiff by defendants and their associates were abandoned in February, 1926; that drilling equipment used by them was sold and removed from the premises; and that thereafter no operations have been conducted on the premises by defendants.

The trial court concluded from the facts so found "that all drilling operations and all other rights under or by virtue of said

oil and gas lease ceased and were terminated in the month of February, 1926, by abandonment thereof," and judgment was rendered accordingly.

■ Sufficiency of the evidence cannot be reviewed on appeal from the judgment, unless entered after entry or order denying motion for a new trial and the order is designated for review. Lee v. Clark Implement Co., 31 S. D. 581, 141 N. W. 986; Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874; Woonsocket State Bank v. Parsons, 52 S. D. 534, 219 N. W. 121; Wolff v. Stenger, 59 S. D. 231, 239 N. W. 181. The appeal being from the judgment only, the sufficiency of the evidence to sustain the findings cannot be considered.

The lease was granted for a term of one year "and as long thereafter as oil or gas, or either of them is produced from the said land by the lessee." It is the contention of counsel for appellant that the conclusions of law are not sustained by the findings of fact in that the findings state that a showing of oil and gas was discovered and this was sufficient to continue the lease in force. In addition to the finding that a "showing of gas and oil was discovered," the court found "that no gas or oil was ever produced" from this well. The case of South Penn Oil Co. v. Snodgrass, 71 W. Va. 438, 76 S. E. 961, 967, 43 L. R. A. (N. S.) 848, construing a similar clause, is cited by appellant. The court said: "The main purpose of the lessor is to obtain diligent and skillful effort to make his mines yield him a profit, after the fixed term as well as within it. If the lessee, having discovered minerals within the term, or contemporaneously with the expiration thereof, continues operations with diligence, he thereby obviously executes the chief purpose of the lease, and would be clearly within his rights, if within the term. To regard it as compliance with the prescribed condition after the fixed term would be entirely consistent with the idea extension or continuation of the tenancy, which is undoubtedly the major office or function of the clause. May we not, therefore, say the qualifying clause 'as oil or gas is produced' really means 'as long as the premises are diligently and efficiently operated, provided minerals shall have been discovered within the fixed term'? Which construction harmonizes the more completely and naturally with the manifest purposes of the parties as indi-

cated by the other provisions of the lease, their situation, and the surrounding circumstances?"

The trial court seems to have been of the opinion that a mere showing of oil was not sufficient, but tangible and substantial production was necessary to extend the term of the lease. The court, however, did not rest its decision upon the ground that the lease expired by its own terms, but proceeded to ascertain and declare that there had been a termination by abandonment.

Abandonment is a question of intention, and may be established by evidence, such as the removal of machinery, quitting the premises, and other circumstances showing an intention to relinquish all rights and interests in the leased premises. Law of Oil and Gas, Thornton, §§ 242, 247; Calhoon v. Neely, 201 Pa. 97, 50 A. 967; Wis.-Tex. Oil Co. v. Clutter (Tex. Civ. App.) 258 S. W. 265. When the unsuccessful search for oil is abandoned, such right or interest as is conveyed in contracts of the character under consideration is lost. Eastern Oil Co. v. Coulehan, 65 W. Va. 531, 64 S. E. 836; Grubb v. McAfee, 109 Tex. 527, 212 S. W. 464; Warner v. Kulp, 114 Kan. 118, 217 P. 288. Failure during a long period of time to exercise rights under a lease may furnish strong evidence that the lessee has abandoned or relinquished his rights. Acme Oil & Mining Co. v. Williams, 140 Cal. 681, 74 P. 296; Chandler v. French, 73 W. Va. 658, 81 S. E. 825, L. R. A. 1915B, 561. The court found that drilling operations ceased in February, 1926; that the machinery and equipment has been removed and sold; and that thereafter until the commencement of the present action on May 24, 1927, and subsequently, there had been no work or development of this property. We think that the conclusion of the trial court from the facts so found that the defendants, had abandoned the leased premises is correct, and the judgment appealed from is therefore affirmed.

POLLEY, CAMPBELL, and RUDOLPH, JJ., concur.
WARREN, P. J., not sitting.